**PROSKAUER ROSE LLP**
Jennifer L. Jones (Bar. No. 284624)
jljones@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

**PROSKAUER ROSE LLP**
Steven M. Bauer *(admitted pro hac vice)*
sbauer@proskauer.com
James R. Anderson *(admitted pro hac vice)*
jaanderson@proskauer.com
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

*Attorneys for Defendants*
*Progress Software Corporation and Telerik Inc.*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC., | CASE NO. 3:20-CV-1843 |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| PROGRESS SOFTWARE CORPORATION, TELERIK INC., and DOES 1 through 10, | Judge Edward M. Chen |
| Defendants. | Complaint Filed: March 16, 2020 |
| | Trial Date: None Set |

[Case No. 3:20-CV-1843]

Progress Software Corporation ("Progress Software") and Telerik Inc. ("Telerik") (collectively "Defendants")[1] hereby answer Plaintiff Software Research, Inc.'s ("SRI") First Amended Complaint (ECF No. 17) as follows.  Any allegation not expressly admitted is denied.

1.      Progress admits that the First Amended Complaint purports to allege a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Progress denies that it has committed acts of patent infringement.  Except as expressly admitted, Progress denies the allegations in paragraph 1.

2.      Progress denies the allegations in paragraph 2.

## THE PARTIES

3.      Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Progress denies the allegations in paragraph 4.

5.      Progress denies the allegations in paragraph 5.

6.      Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7.      The allegations in paragraph 7 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Progress admits that this Court has subject matter jurisdiction over claims brought pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Progress denies that it has committed acts of patent infringement, and denies all remaining allegations in paragraph 8.

9.      Progress admits that this Court has personal jurisdiction over it for the purposes of this Action.  Progress admits that it transacts business in this State and in this District.  Progress

---

[1] In this Answer, Progress answers on behalf of itself, but all responses include denials on behalf of Telerik, should the Court deem Telerik a party that should be answering.  Progress (and, if necessary, Telerik) answers for itself only, and does not have sufficient information to respond on behalf of anyone else, *e.g.*, for Does 1-10.

denies that it has committed acts of patent infringement, and denies all remaining allegations in paragraph 9.

10. Progress admits that this Court has personal jurisdiction over it for the purposes of this Action. Progress admits that it conducts business in this State and this District. Progress denies all remaining allegations in paragraph 10.

11. Progress admits that venue is proper for it in this District for the purposes of this Action only, and does not contest venue for the purposes of this Action only. Progress admits that it transacts business in this District. Progress denies all remaining allegations in paragraph 11.

12. Progress admits that venue is proper for it in this District for the purposes of this Action only, and does not contest venue for the purposes of this Action only. Progress denies all remaining allegations in paragraph 12.

## BACKGROUND

13. Progress admits that it develops Test Studio. Progress denies all remaining allegations in paragraph 13.

14. Progress admits that it offers for sale and sells Test Studio. Progress denies all remaining allegations in paragraph 14.

15. Progress admits that it uses Test Studio. Progress denies all remaining allegations in paragraph 15.

16. Progress admits that Test Studio is a testing tool. Progress denies all remaining allegations in paragraph 16.

17. Progress admits that that the quoted language appears on the cited webpage. Progress denies all remaining allegations in paragraph 17.

18. Progress admits that that the quoted language appears on the cited webpage. Progress denies all remaining allegations in paragraph 18.

## COUNT I – INFRINGEMENT OF THE '175 PATENT

19. Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

20.     Progress denies that a copy of the '175 Patent was attached to the First Amended Complaint as Exhibit A.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Progress admits that it has had knowledge of the '175 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 24.

25.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Progress denies the allegations in paragraph 26.

27.     Progress denies the allegations in paragraph 27.

28.     Progress denies the allegations in paragraph 28.

29.     The allegations in paragraph 29 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 29.

30.     Progress denies the allegations in paragraph 30.

31.     Progress denies the allegations in paragraph 31.

32.     Progress denies the allegations in paragraph 32.

33.     Progress denies the allegations in paragraph 33.

34.     Progress denies the allegations in paragraph 34.

35.     Progress denies the allegations in paragraph 35.

## COUNT II – INFRINGEMENT OF THE '271 PATENT

36.     Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

37.     Progress denies that a copy of the '271 Patent was attached to the First Amended Complaint as Exhibit B.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and therefore denies them.

38.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them.

41.     Progress admits that it has had knowledge of the '271 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 41.

42.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43.     Progress denies the allegations in paragraph 43.

44.     Progress denies the allegations in paragraph 44.

45.     Progress denies the allegations in paragraph 45.

46.     Progress denies the allegations in paragraph 46.

47.     Progress denies the allegations in paragraph 47.

48.     Progress denies the allegations in paragraph 48.

49.     Progress denies the allegations in paragraph 49.

50.     Progress denies the allegations in paragraph 50.

51.     The allegations in paragraph 51 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 51.

52.     The allegations in paragraph 52 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 52.

53.     Progress denies the allegations in paragraph 53.

54.     Progress denies the allegations in paragraph 54.

## COUNT III – INFRINGEMENT OF THE '890 PATENT

55.     Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

56.     Progress denies that a copy of the '890 Patent was attached to the First Amended Complaint as Exhibit C.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56, and therefore denies them.

57.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them.

58.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies them.

60.     Progress admits that it has had knowledge of the '890 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 60.

61.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 61, and therefore denies them.  Progress denies all of the remaining allegations in paragraph 61.

62.     Progress denies the allegations in paragraph 62.

63.     Progress denies the allegations in paragraph 63.

64.     Progress denies the allegations in paragraph 64.

65.     Progress denies the allegations in paragraph 65.

66.     Progress denies the allegations in paragraph 66.

67.     Progress denies the allegations in paragraph 67.

68.     Progress denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 70.

71.     Progress denies the allegations in paragraph 71.

72.     Progress denies the allegations in paragraph 72.

**COUNT IV – INFRINGEMENT OF THE '585 PATENT**

73.     Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

74.     Progress denies that a copy of the '585 Patent was attached to the First Amended Complaint as Exhibit D.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74, and therefore denies them.

75.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies them.

76.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies them.

77.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies them.

78.     Progress admits that it has had knowledge of the '585 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 78.

79.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Progress denies the allegations in paragraph 80.

81.     Progress denies the allegations in paragraph 81.

82.     Progress denies the allegations in paragraph 82.

83.     Progress denies the allegations in paragraph 83.

84.     Progress denies the allegations in paragraph 84.

85.     Progress denies the allegations in paragraph 85.

86.     Progress denies the allegations in paragraph 86.

87.     Progress denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 89.

90.     Progress denies the allegations in paragraph 90.

91.     Progress denies the allegations in paragraph 91.

## COUNT V – INFRINGEMENT OF THE '493 PATENT

92.     Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

93.     Progress denies that a copy of the '493 Patent was attached to the First Amended Complaint as Exhibit E.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93, and therefore denies them.

94.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore denies them.

95.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore denies them.

96.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies them.

97.     Progress admits that it has had knowledge of the '493 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 97.

98.     Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 98, and therefore denies them.  Progress denies all of the remaining allegations in paragraph 98.

99.     Progress denies the allegations in paragraph 99.

100.    Progress denies the allegations in paragraph 100.

101.    Progress denies the allegations in paragraph 101.

102.    Progress denies the allegations in paragraph 102.

103.    Progress denies the allegations in paragraph 103.

104.    Progress denies the allegations in paragraph 104.

105.    Progress denies the allegations in paragraph 105.

106.    The allegations in paragraph 106 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 106.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

107.    The allegations in paragraph 107 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 107.

108.    Progress denies the allegations in paragraph 108.

109.    Progress denies the allegations in paragraph 109.

**COUNT VI – INFRINGEMENT OF THE '491 PATENT**

110.    Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

111.    Progress denies that a copy of the '491 Patent was attached to the First Amended Complaint as Exhibit F.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111, and therefore denies them.

112.    Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore denies them.

113.    Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore denies them.

114.    Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and therefore denies them.

115.    Progress admits that it has had knowledge of the '491 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 115.

116.    Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 116, and therefore denies them.  Progress denies all of the remaining allegations in paragraph 116.

117.    Progress denies the allegations in paragraph 117.

118.    Progress denies the allegations in paragraph 118.

119.    Progress denies the allegations in paragraph 119.

120.   Progress denies the allegations in paragraph 120.

121.   Progress denies the allegations in paragraph 121.

122.   Progress denies the allegations in paragraph 122.

123.   Progress denies the allegations in paragraph 123.

124.   The allegations in paragraph 124 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 124.

125.   The allegations in paragraph 125 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 125.

126.   Progress denies the allegations in paragraph 126.

127.   Progress denies the allegations in paragraph 127.

**COUNT VII – INFRINGEMENT OF THE '286 PATENT**

128.   Progress incorporates by reference its responses to the allegations of the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

129.   Progress denies that a copy of the '286 Patent was attached to the First Amended Complaint as Exhibit G.  Progress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129, and therefore denies them.

130.   Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore denies them.

131.   Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore denies them.

132.   Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore denies them.

133.   Progress admits that it has had knowledge of the '286 Patent, SRI, and SRI's allegation that its products embody purported inventions claimed in the Patents-in-Suit since the

filing of the Complaint on March 16, 2020.  Progress denies all remaining allegations in paragraph 133.

134.    Progress is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore denies them.

135.    Progress denies the allegations in paragraph 135.

136.    Progress denies the allegations in paragraph 136.

137.    Progress denies the allegations in paragraph 137.

138.    Progress denies the allegations in paragraph 138.

139.    Progress denies the allegations in paragraph 139.

140.    Progress denies the allegations in paragraph 140.

141.    Progress denies the allegations in paragraph 141.

142.    Progress denies the allegations in paragraph 142.

143.    The allegations in paragraph 143 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 143.

144.    The allegations in paragraph 144 contain legal arguments and conclusions to which no response is required.  To the extent a response is required, Progress denies the allegations in paragraph 144.

145.    Progress denies the allegations in paragraph 145.

146.    Progress denies the allegations in paragraph 146.

## **DEMAND FOR JURY TRIAL**

Progress admits that SRI purports to demand a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38(b).

## **PRAYER FOR RELIEF**

Progress denies that SRI is entitled to any of the relief requested in its Prayer for Relief, including, but not limited to, paragraphs A-FF, and denies that SRI is entitled to any other relief in connection with this Action.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## AFFIRMATIVE DEFENSES

Progress asserts the following affirmative defenses.  The assertion of any affirmative defense is not an admission that Progress bears the burden of proof on any affirmative defense or issue, and is not an assumption of the burden of proof with respect to any issue.  Progress reserves the right to amend its Answer and to assert additional affirmative defenses as further information becomes available, including but not limited to, those related to unenforceability of all patents asserted in this action based on inequitable conduct, as Progress learns additional facts.

## FIRST AFFIRMATIVE DEFENSE

Defendants have not and do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Pat. Nos. 7,757,175; 8,327,271; 8,392,890; 8,495,585; 8,650,493; 8,984,491; or 10,489,286.

## SECOND AFFIRMATIVE DEFENSE

Defendants have not, do not, and will not contribute to or induce the infringement of any valid and enforceable claim of the '175, '271, '890, '585, '493, '491, or '286 patents.

## THIRD AFFIRMATIVE DEFENSE

The claims of the '175, '271, '890, '585, '493, '491, and '286 patents are invalid and/or unenforceable for failing to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

By way of non-limiting example, the claims of the '175, '271, '890, '585, '493, '491, and '286 patents are invalid under 35 U.S.C. § 101 for purporting to claim abstract subject matter, *e.g.*, by purporting to claim computer code (including, but not limited to, computer code performing only routine and ordinary functions), which is unpatentable subject matter.

By way of non-limiting example, any one or a combination of any of the following prior art references, on its/their own or in combination with the knowledge of a person of ordinary skill in the art, render the claims of the '175, '271, '890, '585, '493, '491, and '286 patents invalid under 35 U.S.C. §§ 102 and 103:

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

- The CAPBAK/Web or other versions of the CAPBAK or eValid testing systems, including, but not limited to, versions available prior to October 31, 2000;

- U.S. Patent No. 7,757,175 to Miller and/or its parent provisional applications, U.S. Provisional Application Nos. 60/293,879, filed on May 24, 2001, and 60/244,818, filed on October 31, 2000;

- U.S. Patent No. 7,200,804 to Khavari, filed on September 1, 2000;

- U.S. Patent No. 5,870,559 to Leshem et al., filed on April 11, 1997, and the "Astra SiteManager" Web site analysis tool software referred to and described therein;

- U.S. Patent No. 6,587,969 to Weinberg, filed on June 21, 1999, and the "Astra QuickTest" software referred to and described therein;

- "Document Object Model (DOM) Level 1 Specification," dated October 1, 1998 (W3C);

- "Testing AJAX Applications with Selenium," dated September 25, 2006 (InfoQ.com);

- U.S. Patent No. 7,426,513 to Gvily, filed on March 1, 2001, claiming priority to U.S. Provisional Application No. 60/240,521, filed on October 12, 2000.

The preceding list is not exhaustive and is not intended to be limiting. Progress reserves the right to add to or supplement these prior art references in connection with its preliminary invalidity contentions and/or otherwise in accordance with the case schedule.

By way of non-limiting example, the claims of the '175, '271, '890, '585, '493, '491, and '286 patents are invalid under 35 U.S.C. § 112 as indefinite, including, but not limited to, because the claims recite unspecified and undefined "Document Object Model (DOM)" elements, "details" and "facts" about a webpage, and "examining" a webpage.

## FOURTH AFFIRMATIVE DEFENSE

SRI's claims for damages for alleged patent infringement (which Progress denies) are limited by 35 U.S.C. § 286 to alleged infringement committed no more than six years prior to the filing of the Complaint (ECF No. 1).

1

**FIFTH AFFIRMATIVE DEFENSE**

2   SRI's claims for damages for alleged patent infringement (which Progress denies) are

3 limited by 35 U.S.C. § 287 to the date of notice of infringement.

4

**SIXTH AFFIRMATIVE DEFENSE**

5   SRI's claims for relief for alleged patent infringement are barred under the doctrine of

6 prosecution history estoppel, and SRI is estopped from asserting that the '175, '271, '890, '585,

7 '493, '491, or '286 patents cover or include any of Defendants' apparatuses, systems, methods,

8 and/or products due to admissions and/or amendments made during prosecution of the '175, '271,

9 '890, '585, '493, '491, or '286 patents.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11   SRI's claims for relief for alleged patent infringement are barred by the doctrine of unclean

12 hands.

13

**EIGHTH AFFIRMATIVE DEFENSE**

14   SRI's claims for injunctive relief for alleged patent infringement are barred at least because

15 SRI has adequate remedies at law.

16

**NINTH AFFIRMATIVE DEFENSE**

17   SRI's claims for relief for alleged patent infringement are barred because its First Amended

18 Complaint does not state a claim upon which relief can be granted.

19

**TENTH AFFIRMATIVE DEFENSE**

20   SRI's claims for relief for alleged patent infringement are barred by license.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22   SRI's claims for relief are barred by the doctrines of waiver, estoppel, and/or laches.

23

24

**COUNTERCLAIMS**

25   1.  Counterclaimant Progress Software Corporation ("Progress"), by and through its

26 undersigned counsel, asserts the following counterclaims against SRI.

27

28

**NATURE OF THE ACTION**

2.      Progress seeks a declaratory judgment that no valid and enforceable claim of U.S. Pat. Nos. 7,757,175; 8,327,271; 8,392,890; 8,495,585; 8,650,493; 8,984,491; or 10,489,286 are or have been infringed by Defendants.

3.      Progress seeks a declaratory judgment that the '175, '271, '890, '585, '493, '491, and '286 patents are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THE PARTIES**

4.      Progress is a Delaware corporation with its principal place of business at 14 Oak Park Drive, Bedford, Massachusetts.

5.      Upon information and belief, SRI is a corporation organized under the laws of the California and claims a principal place of business in this District.

**JURISDICTION AND VENUE**

6.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

7.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      This Court has personal jurisdiction over SRI on at least the basis of its filing of the Complaint and the First Amended Complaint in this Action in this District.

9.      Venue is proper in the United States District Court for the Northern District of California, under at least under 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

10.      SRI's First Amended Complaint alleges that the Test Studio product infringes the '175, '271, '890, '585, '493, '491, and '286 patents.

11.      Progress denies that the Defendants have infringed any valid and enforceable claim of the '175, '271, '890, '585, '493, '491, or '286 patents.

12.     The '175, '271, '890, '585, '493, '491, and '286 patents are invalid for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT

13.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

14.     SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '175 patent.

15.     The application that led to the '175 patent was filed on June 5, 2007, and is a continuation of U.S. Patent No. 7,231,606, filed on October 31, 2001, which claims priority to U.S. Provisional Application Nos. 60/293,879, filed on May 24, 2001, and 60/244,818, filed on October 31, 2000.

16.     The '175 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 31, 2000.

17.     The term of the '175 patent has been terminally disclaimed over the term of the '606 patent.

18.     The '606 patent will expire no later than October 15, 2022.

19.     Any term of the '175 patent after October 15, 2022, at the latest, has been disclaimed.

20.     Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '175 patent.

21.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '175 patent because SRI filed suit alleging that Defendants are infringing the '175 patent.

22.     Progress has been injured by SRI's suit.

23. Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '175 patent, and has no liability with respect to the '175 patent, in any case, after October 15, 2022.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT

24. Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

25. One or more claims of the '175 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '175 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

27. An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '175 patent because SRI filed suit alleging that Defendants are infringing the '175 patent.

28. Progress has been injured by SRI's suit.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '271 PATENT

29. Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

30. SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '271 patent.

31. The application that led to the '271 patent was filed on June 7, 2010, and is a continuation of the '175 patent, which is a continuation of the '606 patent, which claims priority to U.S. Provisional Application Nos. 60/293,879, filed on May 24, 2001, and 60/244,818, filed on October 31, 2000.

32.     The '271 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 31, 2000.

33.     The term of the '271 patent has been terminally disclaimed over the term of the '606 patent.

34.     The term of the '271 patent has been terminally disclaimed over the term of the '175 patent.

35.     The '606 patent will expire no later than October 15, 2022.

36.     Any term of the '175 patent after October 15, 2022, at the latest, has been disclaimed.

37.     Any term of the '271 patent after October 15, 2022, at the latest, has been disclaimed.

38.     Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '271 patent.

39.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '271 patent because SRI filed suit alleging that Defendants are infringing the '271 patent.

40.     Progress has been injured by SRI's suit.

41.     Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '271 patent, and has no liability with respect to the '271 patent, in any case, after October 15, 2022.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '271 PATENT

42.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

43.     One or more claims of the '271 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

1    44.    Progress incorporates by reference as if fully set herein its Third Affirmative

2 Defense, set forth above, as non-limiting examples of the failure of the claims of the '271 patent to

3 comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4    45.    An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and

5 2202 regarding the validity and enforceability of the '271 patent because SRI filed suit alleging that

6 Defendants are infringing the '271 patent.

7    46.    Progress has been injured by SRI's suit.

8                           **FIFTH COUNTERCLAIM**

9    **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '890 PATENT**

10    47.    Progress incorporates by reference the preceding paragraphs of these Counterclaims

11 as if fully set forth herein.

12    48.    SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are

13 infringing the '890 patent.

14    49.    The application that led to the '890 patent was filed on October 8, 2008, and claims

15 priority to U.S. Provisional Application No. 60/980,068, filed on October 15, 2007.

16    50.    The '890 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art

17 of no earlier than October 15, 2007.

18    51.    The term of the '890 patent has been terminally disclaimed over the term of the '606

19 patent.

20    52.    The term of the '890 patent has been terminally disclaimed over the term of the '175

21 patent.

22    53.    The '606 patent will expire no later than October 15, 2022.

23    54.    Any term of the '175 patent after October 15, 2022, at the latest, has been disclaimed.

24    55.    Any term of the '890 patent after October 15, 2022, at the latest, has been disclaimed.

25    56.    Neither Progress nor Telerik has infringed and does not directly or indirectly

26 infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the

27 '890 patent.

28

57.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '890 patent because SRI filed suit alleging that Defendants are infringing the '890 patent.

58.     Progress has been injured by SRI's suit.

59.     Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '890 patent, and has no liability with respect to the '890 patent, in any case, after October 15, 2022.

## SIXTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '890 PATENT

60.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

61.     One or more claims of the '890 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

62.     Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '890 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

63.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '890 patent because SRI filed suit alleging that Defendants are infringing the '890 patent.

64.     Progress has been injured by SRI's suit.

## SEVENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '585 PATENT

65.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

66.     SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '585 patent.

67.     The application that led to the '585 patent was filed on February 11, 2013, and is a continuation of the '890 patent, which claims priority to U.S. Provisional Application No. 60/980,068, filed on October 15, 2007.

68.     The '585 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 15, 2007.

69.     The term of the '585 patent has been terminally disclaimed over the term of the '890 patent.

70.     Any term of the '890 patent after October 15, 2022, at the latest, has been disclaimed.

71.     Any term of the '585 patent after October 15, 2022, at the latest, has been disclaimed.

72.     Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '585 patent.

73.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '585 patent because SRI filed suit alleging that Defendants are infringing the '585 patent.

74.     Progress has been injured by SRI's suit.

75.     Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '585 patent, and has no liability with respect to the '585 patent, in any case, after October 15, 2022.

## EIGHTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '585 PATENT

76.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

77.     One or more claims of the '585 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

78.     Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '585 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

79.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '585 patent because SRI filed suit alleging that Defendants are infringing the '585 patent.

80.     Progress has been injured by SRI's suit.

## NINTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '493 PATENT

81.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

82.     SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '493 patent.

83.     The application that led to the '493 patent was filed on November 8, 2012, and is a continuation of the '271 patent, which is a continuation of the '175 patent, which is a continuation of the '606 patent, which claims priority to U.S. Provisional Application Nos. 60/293,879, filed on May 24, 2001, and 60/244,818, filed on October 31, 2000.

84.     The '493 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 31, 2000.

85.     The '493 patent will expire no later than October 31, 2021.

86.     Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '493 patent.

87.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '493 patent because SRI filed suit alleging that Defendants are infringing the '493 patent.

88.     Progress has been injured by SRI's suit.

89.     Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '493 patent, and has no liability with respect to the '493 patent, in any case, after October 31, 2021.

## TENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '493 PATENT

90.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

91.     One or more claims of the '493 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

92.     Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '493 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

93.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '493 patent because SRI filed suit alleging that Defendants are infringing the '493 patent.

94.     Progress has been injured by SRI's suit.

## ELEVENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '491 PATENT

95.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

96.     SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '491 patent.

97.     The application that led to the '491 patent was filed on June 20, 2013, and is a continuation of the '585 patent, which is a continuation of the '890 patent, which claims priority to U.S. Provisional Application No. 60/980,068, filed on October 15, 2007.

98.     The '491 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 15, 2007.

99.     The term of the '491 patent has been terminally disclaimed over the term of the '585 patent.

100.    The term of the '491 patent has been terminally disclaimed over the term of the '890 patent.

101.    Any term of the '585 patent after October 15, 2022, at the latest, has been disclaimed.

102.    Any term of the '890 patent after October 15, 2022, at the latest, has been disclaimed.

103.    Any term of the '491 patent after October 15, 2022, at the latest, has been disclaimed.

104.    Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '491 patent.

105.    An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '491 patent because SRI filed suit alleging that Defendants are infringing the '491 patent.

106.    Progress has been injured by SRI's suit.

107.    Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '491 patent, and has no liability with respect to the '491 patent, in any case, after October 15, 2022.

## TWELFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '491 PATENT

108.    Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

109.    One or more claims of the '491 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

110.     Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '491 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

111.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '491 patent because SRI filed suit alleging that Defendants are infringing the '491 patent.

112.     Progress has been injured by SRI's suit.

### THIRTEENTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '286 PATENT

113.     Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

114.     SRI filed suit, alleging in the First Amended Complaint that Progress and Telerik are infringing the '286 patent.

115.     The application that led to the '286 patent was filed on March 13, 2015, and is a continuation of the '491 patent, which is a continuation of the '585 patent, which is a continuation of the '890 patent, which claims priority to U.S. Provisional Application No. 60/980,068, filed on October 15, 2007.

116.     The '286 patent is entitled to a priority date with respect to 35 U.S.C. § 102 prior art of no earlier than October 15, 2007.

117.     The term of the '286 patent has been terminally disclaimed over the term of the '491 patent.

118.     The term of the '286 patent has been terminally disclaimed over the term of the '585 patent.

119.     The term of the '286 patent has been terminally disclaimed over the term of the '890 patent.

120.     Any term of the '491 patent after October 15, 2022, at the latest, has been disclaimed.

121.     Any term of the '585 patent after October 15, 2022, at the latest, has been disclaimed.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1      122.    Any term of the '890 patent after October 15, 2022, at the latest, has been disclaimed.

2      123.    Any term of the '286 patent after October 15, 2022, at the latest, has been disclaimed.

3      124.    Neither Progress nor Telerik has infringed and does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '286 patent.

125.    An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding Defendants' non-infringement of the '286 patent because SRI filed suit alleging that Defendants are infringing the '286 patent.

126.    Progress has been injured by SRI's suit.

127.    Progress is therefore entitled to a declaratory judgment that it has not and does not infringe the '286 patent, and has no liability with respect to the '286 patent, in any case, after October 15, 2022.

## FOURTEENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '286 PATENT

128.    Progress incorporates by reference the preceding paragraphs of these Counterclaims as if fully set forth herein.

129.    One or more claims of the '286 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

130.    Progress incorporates by reference as if fully set herein its Third Affirmative Defense, set forth above, as non-limiting examples of the failure of the claims of the '286 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

131.    An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '286 patent because SRI filed suit alleging that Defendants are infringing the '286 patent.

132.    Progress has been injured by SRI's suit.

**RELIEF REQUESTED**

Progress requests that the Court:

A.      Deny all relief sought by SRI in this Action and dismiss with prejudice all claims brought by SRI;

B.      Declare that Progress, Telerik, and their products, including but not limited to Test Studio, have not infringed and do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '175, '271, '890, '585, '493, '491, and '286 patents;

C.      Declare that the claims of the '175, '271, '890, '585, '493, '491, and '286 patents are invalid and/or unenforceable;

D.      Declare that any term of the '175, '271, '890, '585, '491, and '286 patents beyond October 15, 2022, at the latest, has been disclaimed;

E.      Declare that the '493 patent expires no later than October 31, 2021;

F.      Declare this case exceptional under 35 U.S.C. § 285 and award Progress its costs and attorneys' fees incurred in connection with this Action;

G.      Award Progress its costs and disbursements in this Action; and

H.      Award such other relief as the Court deems just and proper.

*                         *                         *

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1

## DEMAND FOR JURY TRIAL

2

Progress hereby demands a jury trial as to all issues so triable.

3

4

5     DATED:  May 19, 2020                          Respectfully submitted,

6

7                                                   By:      /s/ *Steven M. Bauer*

8                                                   **PROSKAUER ROSE LLP**
                                                    Jennifer L. Jones (Bar. No. 284624)
9                                                   jljones@proskauer.com
                                                    2029 Century Park East, Suite 2400
10                                                  Los Angeles, CA 90067
                                                    Telephone: (310) 557-2900
11                                                  Facsimile: (310) 557-2193

12                                                  **PROSKAUER ROSE LLP**
                                                    Steven M. Bauer *(admitted pro hac vice)*
13                                                  sbauer@proskauer.com
                                                    James R. Anderson *(admitted pro hac vice)*
14                                                  jaanderson@proskauer.com
                                                    One International Place
15                                                  Boston, MA 02110
                                                    Telephone: (617) 526-9600
16                                                  Facsimile: (617) 526-9899

17                                                  *Attorneys for Defendants*
                                                    *Progress Software Corporation and Telerik Inc.*
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS